IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| Government Employees Insurance Company,<br><br>   *Plaintiff,*<br><br>   v.<br><br>Accretive Capital LLC<br> d/b/a Benzinga,<br><br>   *Defendant.* | Case No. 8:20-cv-3036 |

# COMPLAINT

Plaintiff Government Employees Insurance Company ("GEICO") states the following Complaint against defendant Accretive Capital LLC ("Benzinga"):

## NATURE OF THE CASE

1. This is an action for trademark infringement, false designation of origin, and trademark dilution under the federal Lanham Act, as amended by the Trademark Dilution Revision Act of 2006, and for related state causes of action at common law. GEICO® seeks declaratory, injunctive, and monetary relief for Benzinga's purposeful misappropriation of GEICO's famous brand as the lure in a bait-and-switch scheme intended to generate "click-through" referral fees from competing insurance providers.

2. On the "GEICO Auto Insurance Review" page of its website, immediately adjacent to GEICO's logo, Benzinga prompts prospective policyholders to enter their zip code and "get quotes" to "see how GEICO compares," knowing full well that it cannot provide GEICO quotes.

Instead, Benzinga redirects those prospective policyholders to the websites of several competing insurance providers who pay referral fees back to Benzinga, thereby not only misappropriating GEICO's famous marks for its own financial gain but also giving would-be policyholders the false impression that GEICO insurance is not available.

3.  GEICO repeatedly asked Benzinga to stop misappropriating its famous marks, sending letters by Federal Express, Priority Mail, and electronic mail. Benzinga received the letters but did not respond and unabashedly continues to misappropriate GEICO's famous marks in the same bait-and-switch referral fee scheme, necessitating this action.

## THE PARTIES

4.  Plaintiff Government Employees Insurance Company ("GEICO") is a Maryland corporation. GEICO's corporate headquarters and principal place of business is located within this judicial district at 5260 Western Avenue in Chevy Chase, Maryland.

5.  Defendant Accretive Capital LLC ("Benzinga") is a Delaware corporation with its principal place of business at 1 Campus Martius, Suite 200, in Detroit, Michigan. Accretive Capital does business under the "Benzinga" trade name and operates an Internet website located at https://www.benzinga.com ("Benzinga Website").

## JURISDICTION AND VENUE

6.  This action arises under Sections 32, 43(a), and 43(c) of the Lanham Act, which are codified at 15 U.S.C. §§ 1114, 1125(a), and 1125(c), respectively, and Maryland common law.

7.  This Court has subject matter jurisdiction over GEICO's federal Lanham Act claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). This Court has supplemental jurisdiction over GEICO's state common law claims under 28 U.S.C. § 1367.

8.      This Court has personal jurisdiction over Benzinga because it regularly does and solicits business in Maryland through the Benzinga Website, which is not only interactive and accessible to Maryland consumers but also purposefully directed to Maryland consumers.  For example, when a prospective policyholder enters a Maryland zip code, the Benzinga Website returns a list of affiliated insurance providers licensed to sell policies in Maryland.  The Benzinga website also contains scores of articles regarding Maryland-specific business and insurance issues.

9.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Benzinga is subject to this Court's personal jurisdiction with respect to the civil action in question and under § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein, including the associated harm to GEICO, occurred or were suffered within this judicial district.

## GEICO AND ITS FAMOUS MARKS

10.     GEICO is a leading provider of automobile insurance services in the United States. GEICO began doing business in 1936, initially offering insurance services exclusively to federal government employees.  In 1958, GEICO expanded its customer base and began servicing the general public.  GEICO currently offers, advertises, and sells its insurance services throughout the United States, including in Maryland.

11.     GEICO is the second largest private-passenger automobile insurance provider and the largest direct marketer of automobile insurance in the United States.  In addition to automobile and motorcycle insurance, GEICO sells many other diverse insurance products, including homeowners and business insurance, on behalf of its business partners.  GEICO places great emphasis on customer service and, in 1980, became the first automobile insurer to provide 24-hour customer service.  GEICO is accessible 24 hours per day, 365 days per year, through its toll-free

telephone numbers and its official Internet website located at https://www.geico.com ("GEICO Website").

12. Quotes for GEICO insurance products are based on proprietary pricing algorithms and only available from GEICO, including through the GEICO Website. Unaffiliated third parties are not authorized or able to provide GEICO insurance quotes.

13. The U.S. Patent & Trademark Office ("USPTO") has granted GEICO many federal trademark registrations, including U.S. Reg. Nos. 763,274 and 2,601,179 for the GEICO name and No. 4,216,895 for the stylized "G" logo mark (collectively, the "Registered GEICO Marks"). *See* Exhibits A–C (federal trademark registration certificates). GEICO is the sole and exclusive owner of the Registered GEICO Marks.

14. GEICO has invested billions of dollars to promote the GEICO brand and associated insurance services in television, radio, online, print, and virtually every other advertising medium in Maryland and throughout the United States. GEICO prominently displays the Registered GEICO Marks on the GEICO Website, on GEICO's mobile app, and elsewhere.

15. As a result of GEICO's extensive advertising and promotional efforts, and its continuous use in interstate commerce for more than 70 years, the GEICO name has become one of the most recognized brands in the United States. The Registered GEICO Marks are "distinctive" and "famous" within the meaning of Section 43(c) of the Lanham Act.

**BENZINGA'S MISAPPROPRIATION OF GEICO'S FAMOUS MARKS**

16. Since at least the summer of 2019, the Benzinga Website has featured reviews of various GEICO insurance products that prominently feature the GEICO name and stylized "G" logo adjacent to "get quotes" and "compare rates" buttons. *See, e.g.,* Exhibit D (screenshot of the

"GEICO Auto Insurance Review" page on the Benzinga Website). Benzinga invites prospective policyholders to "get quotes" and "see how GEICO compares" by entering their zip code and answering some basic demographic questions. *Id.*

17. Benzinga does not and cannot provide quotes for GEICO insurance products. Instead, the Benzinga Website presents prospective policyholders with links to several competing insurance providers who pay "click-through" referral fees to Benzinga.

18. Despite Benzinga's promise to let prospective policyholders "see how GEICO compares," GEICO never appears on the list of potential insurance providers.

19. Benzinga misappropriates the Registered GEICO Marks in a bait-and-switch scheme, relying on the extraordinary fame of the GEICO brand to lure prospective policyholders before redirecting them to competing insurance providers who pay referral fees to Benzinga, thereby not only misappropriating the Registered GEICO Marks for its own financial gain but also giving would-be policyholders the false impression that GEICO insurance is not available.

20. Benzinga's use of the Registered GEICO Marks began without the knowledge or approval of GEICO and continues without GEICO's authorization and despite GEICO's repeated and explicit written objections.

**COUNT ONE – TRADEMARK INFRINGEMENT**
Section 32 of the Lanham Act
15 U.S.C. § 1114

21. GEICO incorporates by reference the allegations stated in Paragraphs 1 through 20 above as though fully stated here.

22. Benzinga's unauthorized use and display of the Registered GEICO Marks is likely to cause confusion and the mistaken belief among the consuming public, and particularly among

prospective policyholders, that GEICO sponsors, endorses, approves of, or is otherwise affiliated with Benzinga or the Benzinga Website.

23. By trading on the extraordinary fame of the Registered GEICO Marks to capture the attention of prospective policyholders before redirecting them to competing insurance providers, Benzinga purposefully creates initial interest confusion and leaves would-be policyholders with the false impression that GEICO insurance is not available to them.

24. Benzinga's infringement of the Registered GEICO Marks has caused and will continue to cause damage to GEICO in an amount to be determined at trial and irreparable harm to GEICO for which there is no adequate remedy at law.

## COUNT TWO – FALSE DESIGNATION OF ORIGIN
### Section 43(a) of the Lanham Act
### 15 U.S.C. § 1125(a)

25. GEICO incorporates by reference the allegations stated in Paragraphs 1 through 24 above as though fully stated here.

26. Benzinga's unauthorized use and display of the Registered GEICO Marks constitutes a false designation of origin under Section 43(a) of the Lanham Act because it falsely suggests GEICO sponsors, endorses, approves of, or is otherwise affiliated with Benzinga or the Benzinga Website.

27. Benzinga's false designation of origin has caused and will continue to cause damage to GEICO in an amount to be determined at trial and irreparable harm to GEICO for which there is no adequate remedy at law.

## COUNT THREE – TRADEMARK DILUTION
### Section 43(c) of the Lanham Act
### 15 U.S.C. § 1125(c)

28. GEICO incorporates by reference the allegations stated in Paragraphs 1 through 27 above as though fully stated here.

29. By virtue of GEICO's continuous and extensive use of the GEICO name in interstate commerce for more than 70 years, the Registered GEICO Marks became and are "distinctive" and "famous" within the meaning of Section 43(c) of the Lanham Act.

30. Benzinga's unauthorized use of the Registered GEICO Marks is a willful and fraudulent attempt to trade on the extraordinary fame of the GEICO name for its own financial gain without regard for the inevitable dilution, by blurring and tarnishment, of the Registered GEICO Marks.

31. Benzing's dilution of the Registered GEICO Marks has caused and will continue to cause damage to GEICO in an amount to be determined at trial and irreparable harm to GEICO for which there is no adequate remedy at law.

## COUNT FOUR – TRADEMARK INFRINGMENT
### Maryland Common Law

32. GEICO incorporates by reference the allegations stated in Paragraphs 1 through 31 above as though fully stated here.

33. Benzinga's unauthorized use of the Registered GEICO Marks to promote competing insurance services and products for its own financial gain is likely to cause confusion among Maryland and national consumers and, therefore, infringes GEICO's trademark rights under Maryland common law.

34. Benzinga's infringement of the Registered GEICO Marks has caused and will continue to cause damage to GEICO in an amount to be determined at trial and irreparable harm to GEICO for which there is no adequate remedy at law.

## COUNT FIVE – UNFAIR COMPETITION
### Maryland Common Law

35. GEICO incorporates by reference the allegations stated in Paragraphs 1 through 34 above as though fully stated here.

36. Benzinga deceived prospective policyholders in Maryland and throughout the United States by misappropriating the Registered GEICO Marks to capture the prospective policyholders' initial attention before redirecting them to competing insurance providers and creating the false impression that GEICO insurance is not available. Benzinga thereby deceived consumers and damaged GEICO's business for its own financial gain, which constitutes unfair competition under Maryland common law.

37. Benzinga's unfair competition with GEICO has caused and will continue to cause damage to GEICO in an amount to be determined at trial and irreparable harm to GEICO for which there is no adequate remedy at law.

### DEMAND FOR JURY TRIAL

GEICO demands a trial by jury on all issues triable to a jury.

**PRAYER FOR RELIEF**

GEICO respectfully requests the following relief:

    A.    Declaratory judgment that:

        (i)    Benzinga willfully infringed the Registered GEICO Marks in violation of Section 32 of the Lanham Act and Maryland common law;

        (ii)    Benzinga willfully engaged in false designation of origin in violation of Section 43(a) of the Lanham Act;

        (iii)    Benzinga willfully diluted the Registered GEICO Marks in violation of Section 43(c) of the Lanham Act; and

        (iv)    Benzinga willfully engaged in unfair competition in violation of Maryland common law.

    B.    Preliminary and permanent injunctions enjoining Benzinga and its successors, assigns, officers, partners, agents, contractors, employees, attorneys, affiliates, licensees, subsidiaries, and all others controlled by or acting in concert with them from:

        (i)    Using the Registered GEICO Marks or any confusingly similar variations thereof for any commercial purpose;

        (ii)    Diluting, infringing, or tarnishing the Registered GEICO Marks or any confusingly similar variations thereof;

        (iii)    Disparaging GEICO; and

        (iv)    Assisting, aiding, or abetting any other person or entity in performing any of the above acts.

C. For an award of monetary damages, to the full extent permitted by Section 35 of the Lanham Act, codified at 15 U.S.C. § 1117, and Maryland common law, including:

(i) Three times Benzinga's profits during the entire period that it infringed or diluted the Registered GEICO Marks;

(ii) GEICO's actual damages; and

(iii) GEICO's costs and attorneys' fees.

D. Such other and further relief as the Court deems appropriate.

Date: October 19, 2020

Respectfully submitted,

　　　/s/ Matthew J. Ricciardi　　

Charles D. Ossola, Esq. (bar no. 08329)
　cossola@huntonak.com
Matthew J. Ricciardi, Esq. (bar no. 18518)
　mricciardi@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue, NW
Washington, DC  20037
Tel:  (202) 955-1500
Fax:  (202) 778-2201

*Counsel for Government Employees Insurance Company*