IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| Government Employees Insurance Company,<br><br>   *Plaintiff,*<br><br>v.<br><br>Accretive Capital LLC<br> d/b/a Benzinga,<br><br>   *Defendant.* | Case No. 8:20-cv-3036 |

## CONSENT ORDER

Upon the joint request and with the mutual consent of plaintiff Government Employees Insurance Company ("GEICO") and defendant Accretive Capital LLC ("Benzinga") (together, the "Parties"), it is hereby **ORDERED AND ADJUDGED** that:

1. This Court has original and subject matter jurisdiction over all of the claims asserted in the Complaint, docket no. 1, under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367.

2. This Court has personal jurisdiction over Benzinga.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

4. GEICO asserts claims against Benzinga for trademark infringement, false designation of origin, and trademark dilution under the federal Lanham Act and for related state causes of action at common law. Benzinga denies any wrongdoing or liability to GEICO. Nevertheless, the Parties have agreed to resolve their dispute by this Consent Order.

5. Benzinga, including its officers, partners, agents, contractors, employees, attorneys, affiliates, and all others acting for, on behalf of, or in concert with Benzinga, who receive actual notice of this Consent Order, shall refrain from:

    A. Except as provided in Paragraph 7 below, displaying or otherwise using any of GEICO's trademarks or service marks, including the Registered GEICO Marks (as defined in the Complaint), GEICO's anthropomorphized gecko mascot, and confusingly similar variations thereof, for any commercial purpose without the express, written permission of GEICO;

    B. Disparaging GEICO or making false statements of fact, orally or in writing, about GEICO, this action, or the resolution of this action; and

    C. Assisting, aiding, or abetting another person or entity in performing any of the above acts.

6. For the avoidance of doubt, Benzinga shall (a) permanently take down the Benzinga Website page depicted in <u>Exhibit D</u> to the Complaint, docket no. 1-4; and (b) permanently take down any and all other pages on the Benzinga Website that imply Benzinga or its affiliates can provide or compare GEICO insurance quotes.

7. Notwithstanding the prohibition in Paragraph 5(A) above, Benzinga may offer a news aggregation service that provides reporting on, coverage of, and Internet links to, third-party sources of news and information, including third-party news reporting that references GEICO, provided that no such reporting, coverage, or links are presented in a manner that implies Benzinga or its affiliates can provide or compare GEICO insurance quotes.

8. In the event that GEICO comes to believe that Benzinga has violated any provision of this Consent Order, GEICO shall give Benzinga written notice of the alleged violation, including the factual basis for the alleged violation, and Benzinga shall then have seven (7) days to cure the alleged violation. If GEICO believes the violation has not been timely cured, or if Benzinga engages in a pattern of violations, GEICO may then seek appropriate relief from this Court.

9.  This Consent Order finally resolves this action. The Parties each expressly waive any right to appeal or otherwise to seek relief from this Consent Order. GEICO's claims against Benzinga in the Complaint are hereby **DISMISSED WITH PREJUDICE** with each Party to bear its own costs and attorneys' fees.

10. The Court retains jurisdiction over the subject matter of this action and the Parties to enforce this Consent Order and to adjudicate any disputes arising herefrom.

Dated: Dec. 10, 2020

_____
Hon. Theodore D. Chuang
United States District Judge

**FOR PLAINTIFF GEICO:**

_____

Name: Aaron J. Wong, Esq.

Title: Counsel, GEICO

Date: December 3, 2020

**FOR DEFENDANT BENZINGA:**

_____

Name: Jason Raznick

Title: Chief Executive Officer

Date: December 1, 2020